54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Edward MICHELE; Lorna Michele, Plaintiffs-Appellants,
v.
NCR CORPORATION, Defendant,
Prudential Insurance Company of America, Defendant-Appellee.
 No. 94-3518.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1995.
 
 Before: BOGGS and BATCHELDER, Circuit Judges; QUIST, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff-appellant Edward Michele appeals the district court's grant of summary judgment for defendant Prudential affirming the denial of his claim for long-term disability benefits under an employee benefit plan governed by ERISA[1]. We affirm.
 
 I.
 
 2
 Michele is a fifty-year-old man who was employed as a computer programmer for NCR Corp. ("NCR"). He participated in NCR's Group Benefits Plan for Management Employees ("Plan"), an employee benefit plan governed by ERISA, administered by Prudential Insurance Company of America ("the Administrator"), which includes long-term disability benefits. Michele applied for long-term disability benefits under the Plan, listing as the reason for his claim that he suffered from chronic infectious mononucleosis, chronic fatigue syndrome ("CFS"), high blood pressure, depression and excessive fatigue. The medical evidence in the record before Prudential during the initial consideration of this claim includes many subjective reports by Michele of chronic fatigue. The record also contains his attending physician's statement that a consulting physician had concluded that Michele's condition was "probably" CFS; the consulting physician's written report indicating that Michele lacked several of the objective symptoms of CFS and that Michele's condition could be viral or due to emotional disorders; and evidence that Michele had been diagnosed with depression and was being treated with numerous medications. Further, the record includes the deposition and report of Dr. Mark Demitrack, a specialist in treating CFS, who examined the medical evidence at the request of Prudential. Dr. Demitrack indicated that although Michele's subjective complaints met the symptom criteria, he could not exclude other clinical conditions or medication effects as the cause for Michele's condition, due to the lengthy use of a number of prescription medications, the claimant's psychiatric history, and the absence of objective medical evidence of CFS. Dr. Demitrack suggested further information and testing that could confirm a diagnosis of CFS. Before making a determination of eligibility for benefits based on this record, Prudential inquired of Michele and his physicians whether such tests had been performed and learned that they had not.
 
 
 3
 Prudential initially denied Michele's claim because "Michele's medical history and treatment does not present significant evidence to support a diagnosis of Chronic Fatigue Syndrome or any other condition that would prevent him from performing the material and substantial duties of his occupation." In the denial letter, Prudential reviewed all the information it had considered, noted its attempts to clarify and obtain additional information, and advised Michele that it would consider any additional objective evidence submitted to support the claim.
 
 
 4
 After the initial denial of benefits, NCR commissioned an independent audit of both the process and the medical information used by Prudential to make its decision. The independent auditor found that both the process and the information used by Prudential to make its determination were adequate, noting that "non-confirmation by the two independent physicians of the treating physician's diagnosis was an adequate basis on which to deny the claim." Several months later, Michele requested reconsideration of the initial denial and submitted additional medical information. Prudential advised Michele that, based on its review of all the medical evidence received, including the new information submitted with Michele's request for reconsideration, it would continue to disallow Michele's claim. Michele then brought this action contesting the Administrator's denial of benefits. The Magistrate Judge[2] granted summary judgment to Prudential, and Michele filed this timely appeal.
 
 II.
 
 5
 This Court reviews a grant of summary judgment de novo, applying the same standard as that employed initially under Rule 56(c). In denial of benefits cases, the district court reviews the plan administrator's determination de novo, unless the language of the plan clearly gives the administrator the discretion to determine eligibility or to construe the terms of the plan, in which case the court reviews the determination under the arbitrary and capricious standard. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Brown v. Ampco-Pittsburgh Corp., 876 F.2d 546, 550 (6th Cir. 1989).
 
 
 6
 This Court has held that discretion is the exception, not the rule, and that "discretion is not an all-or-nothing proposition." Wulf v. Quantum Chemical Corp., 26 F.3d 1368, 1373 (6th Cir.) (quoting Anderson v. Great West Life Assurance Co., 942 F.2d 392, 395 (6th Cir. 1991)) cert. denied, 115 S.Ct. 667 (1994). "[E]ach plan must be read in its entirety and language claimed to create the required degree of discretion must be examined in context." Id. Where the language of the plan provides that determination of total disability will be "on the basis of medical evidence satisfactory to the [administrator]," the decision is entitled to review under the arbitrary and capricious standard. Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 983 (6th Cir. 1991). In reviewing the administrator's decision, the court must consider documents reflecting activity during the administrative appeals process as well as those in existence at the time of the initial denial of benefits. Id. at 986.
 
 
 7
 In this case, the district court correctly found that Prudential did not act arbitrarily and capriciously in denying Michele's claim for long-term disability benefits. The language of the Plan gives the Administrator "the maximum discretionary authority to determine benefits under the Plan, to construe the Plan's terms and to otherwise carry out ... Plan responsibilities," and specifies that the Administrator's decisions are "subject to review only under the arbitrary and capricious standard" to be "overturned only for abuse of the wide discretion granted ... under the Plan." Plan, Part I Sec. 12B. The Plan requires the employee to submit medical evidence of total disability satisfactory to the Administrator. Plan, Part III Sec. 2C4. The Plan defines total disability:
 
 
 8
 Total disability for the first twelve (12) months of long-term disability means a bodily injury or disease that completely prevents an Employee from performing any and every duty pertaining to his/her occupation. At the beginning of thirteen months of long-term disability, the Employee must be completely unable to engage in any and every occupation for which he/she is reasonably fitted by education, training or experience.
 
 
 9
 Plan, Part III Sec. 2D1. This language, both as to the authority of the Administrator and the definition of total disability, is clear and unambiguous.
 
 
 10
 The district court found that Prudential had evaluated the medical evidence presented to it in light of the definition of disability set forth in the Plan and determined that Michele was not disabled; that Prudential's written notice disallowing the claim stated specific reasons for the denial of benefits and gave Michele the opportunity to request reconsideration and present new evidence, see 29 U.S.C. Sec. 1133(1), (2); and that Prudential's claims procedure, including the review by an independent specialist, was entirely within the broad grant of discretion given the Administrator by the Plan.
 
 
 11
 We are aware that chronic fatigue syndrome is a debilitating illness which only relatively recently has been recognized as a distinct medical disorder, and that experts in the field of CFS treatment concede that it is often difficult to diagnose. However, the Center for Disease Control has established objective diagnostic criteria to assist in the diagnosis of the disorder and the differentiation of it from related but distinct maladies, prescription drug effects, or psychological impairment. It is not arbitrary or capricious to deny a difficult-to-prove claim that has not objectively been shown to exist. To receive long-term benefits under this Plan a claimant must demonstrate total disability from "a bodily injury or disease." The Plan clearly gives the Administrator the discretion to require a diagnosis of something, and the burden is on the claimant to present sufficient objective medical evidence to support his claim of total disability. A physician's statement that a patient feels he is disabled is not enough, nor is a physician's conclusion, without supporting objective medical evidence, that a patient probably has CFS. We agree with the Magistrate Judge's conclusion that the Administrator did not abuse its discretion in denying benefits.
 
 
 12
 Although the unambiguous language of the Plan properly triggers review under the arbitrary and capricious standard, the Magistrate Judge, out of an apparent abundance of caution, also reviewed the Administrator's decision under the less deferential de novo standard, and concluded that few, if any, objective findings supported the opinion of the attending doctor that Michele was disabled. Because the Magistrate Judge's decision under the proper standard was correct, we do not address Michele's objections to these findings made on de novo review.
 
 III.
 
 13
 The decision of the district court granting summary judgment to Prudential is AFFIRMED.
 
 
 
 *
 The Honorable Gordon Jay Quist, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 The Employee Retirement Income Security Act ("ERISA"), Chapter 18, 29 U.S.C. Secs. 1001-1461 (West 1994), governs employee benefit plans. The plaintiff is empowered to bring this action by Sec. 1132 of the statute, which provides in relevant part: "A civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan ...." 28 U.S.C. Sec. 1132(a)(1)(B)
 
 
 [2]
 The parties consented to plenary Magistrate Judge jurisdiction, pursuant to 28 U.S.C. Sec. 636(c) (West 1994)